UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOHN LaCOSSE, SR.,

        Plaintiff,               Case No. 2:10-cv-56

v.                                   Honorable R. Allan Edgar

SUN LIFE FINANCIAL SERVICES
COMPANY, INC., a/k/a SUN LIFE
ASSURANCE COMPANY OF CANADA,

        Defendant.
_____/

## **MEMORANDUM**

On September 12, 2011, this Court entered a Judgment in favor of John LaCosse, Sr. for retroactive long term disability benefits under his policy with Sun Life Financial Services Company, Inc. ("Sun Life") for the period from February 1, 2008 to February 1, 2010. Doc. No. 37. As part of that Judgment, Sun Life was directed to file a schedule within fourteen days setting forth the benefit amount payable to LaCosse for each month in that time period. Sun Life complied by filing a Schedule of Benefits Due on September 26, 2011. Doc. No. 38. This Schedule listed a total amount payable of $41,969.76. The Court, noting that LaCosse has not filed a response contesting the Schedule, approves the total amount listed in it.

On October 10, 2011, LaCosse filed a Motion for Reconsideration of the Court's denial of attorney's fees in its previous Judgment, pursuant to Fed. R. Civ. P. 60(b)(1). Doc. No. 39. On the same day, LaCosse filed a "Motion for Remand and Award of Interest."

Doc. No. 40. In that motion, LaCosse requested that the Court award interest on the retroactive benefits due. LaCosse also requested that the Court remand the case to Sun Life, so that the defendant could complete an administrative review for a determination of whether LaCosse was eligible to receive benefits under the "any occupation" standard that took effect after the twenty four month period ended. Sun Life filed a response to these motions [Doc. No. 41], and the matters are now ready for decision.

## *Denial of Attorney's Fees*

In its previous Memorandum, the Court found an award of attorney's fees to be inappropriate. Doc. No. 36, p. 39. Plaintiff moves for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(1), and asks the Court to award attorney's fees. Federal Rule 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). The Court notes that Rule 60(b) also includes a subsection allowing for relief from a judgment, order or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Court will treat this motion as a general Rule 60(b) motion.

In support of his motion, LaCosse notes that the Court applied the traditional five factor test for awarding attorney's fees. LaCosse then argues that the Court mistakenly omitted a recent Supreme Court case in its attorney's fees analysis, *Hardt v. Reliance Standard Life Ins. Co.* 130 S. Ct. 2149 (2010). Specifically, LaCosse points to the Supreme Court's statement that because the "five factors bear no obvious relation to [the section of the ERISA statute]'s text or to [the Supreme Court's] fee-shifting jurisprudence,

2

they are not required for channeling a court's discretion when awarding fees under this section." *Id.* at 2158.

To the extent LaCosse is arguing that *Hardt* affects this Court's use of the five factor test, he is mistaken. In *Hardt*, the Supreme Court was deciding whether the ERISA statute required a party to be found to be a "prevailing party" before it was awarded attorney's fees. 130 S. Ct. at 2156. The Court found that this was not required, and also noted that use of the five factor test was not required by the statute. *Id.* at 2156, 2158. Rather, all that was required by the ERISA statute was "some degree of success on the merits." *Id.* at 2158. In reaching this holding, the Court noted that they were "not foreclos[ing] the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fee award under [the ERISA statute], a court may consider the five factors adopted by the Court of Appeals ... in deciding whether to award attorney's fees." *Id.* at 2158, n.8. Therefore, it is still appropriate for a court to consider the five factor test after determining that a party has shown "some degree of success on the merits." As the issue of LaCosse's success on the merits had been established, it was appropriate for this Court to then turn to the five factor test followed within this circuit. *Hardt* therefore has no effect on the Court's previous analysis of attorney's fees.

LaCosse goes on to argue that, even if the Court still believes the five factor test to be appropriate, he should have prevailed under that test. LaCosse argues that the first factor, the degree of the opposing party's culpability or bad faith, weighs in his favor. He states that even though Sun Life's behavior "may not rise to the level of bad faith[,]" it was still highly culpable. Doc. No. 39, p. 3. LaCosse states that Sun Life's ability to pay, the second factor, "cannot seriously be doubted." Doc. No. 39, p. 4. He argues that deterrence

3

is also a factor also weighing in his favor, as "[a]n attorney's fee award should be particularly appropriate where a claimant has to go to court to gain redress of an improper decision that is inconsistent with the record the company itself gathered[.]" Doc. No. 39, p. 4. LaCosse admits that this case did not resolve a significant legal issue, the fourth consideration, but notes the case's significance "insofar as it serves to ensure continued compliance with settled law." Doc. No. 39, p. 4. With regard to the relative merits of the parties' positions, LaCosse argues that the fact that the Court found his position to be superior should weigh heavily in his favor. Doc. No. 39, p. 5.

The Court does not find any of these arguments persuasive enough to justify granting LaCosse's motion for relief and awarding attorney's fees. The fifth factor of the test refers to the merits of the parties' positions, not merely which party prevailed or was found to have the superior position. As the Court previously noted, Sun Life's position was not without some substantial support, and thus that factor does not weigh in LaCosse's favor. *See* Doc. No. 36, p. 39. Furthermore, weighing the fourth factor in favor of LaCosse would turn the factor on its head, as the factor asks whether the case resolves a significant legal question or confers a common benefit, not whether it deals with settled law. Considering these and LaCosse's other arguments, the Court finds that Rule 60(b) relief is not justified. LaCosse's motion for reconsideration regarding attorney's fees will therefore be denied.

*Interest on Retroactive Benefits Due*

LaCosse has also requested that the Court award interest on the retroactive benefits he was awarded. Prejudgment interest may be awarded in the district court's discretion in ERISA cases, in accordance with general equitable principles. *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998). Awards of prejudgment interest in ERISA cases

4

such as this one are intended to compensate a beneficiary for money wrongly withheld from him. *Id.* at 618.

LaCosse does not specify what Federal Rule he is bringing this motion pursuant to. However, the Court agrees with Sun Life that this motion should be analyzed under Federal Rule 59(e). The Supreme Court has held that "a postjudgment motion for discretionary prejudgment interest is a Rule 59(e) motion[.]" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989). This holding applies to postjudgment motions in ERISA cases such as this one, where a district court's original judgment does not mention an award of prejudgment interest. *See Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998). LaCosse's motion for prejudgment interest will therefore be analyzed under Rule 59(e).

"Motions to alter or amend judgment [pursuant to Rule 59(e)] may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). LaCosse fails to argue in his motion that any of these circumstances exist here. Instead, LaCosse merely notes that the Court's previous Judgment was silent as to interest due on these benefits. LaCosse, however, failed to request prejudgment interest in his complaint and in his motion for reversal of Sun Life's denial of benefits. The first mention that LaCosse has made of prejudgment interest is in this motion. The Sixth Circuit has held that "under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (internal citations omitted); *Cf. Werner v. Primax Recoveries*, 365 Fed. Appx. 664, 669 (6th Cir. 2010) (finding that a district court was within its authority to

5

reject an argument for prejudgment interest that first appeared in a party's reply brief filed in support of his Rule 59(e) motion based on the holding in *Roger*). Given that LaCosse failed to argue for prejudgment interest until he filed this postjudgment Rule 59(e) motion and that he has failed to argue in this motion that any of the four circumstances are present to justify granting it, the Court finds that his motion for prejudgment interest will be denied.

*Remand for Determination of "Any Occupation" Standard*

LaCosse has requested that the Court remand this case to Sun Life for administrative review so that they may determine if LaCosse is eligible for long term disability benefits under the "any occupation" period that follows the twenty four month "own occupation" period. When "a district court determines that the plan administrator erroneously denied benefits, a district court 'may either award benefits to the claimant or remand to the plan administrator." *Shelby County Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 373 (6th Cir. 2009) (internal citation omitted). However, as the Court noted in its Judgment in this case, this lawsuit only concerned Sun Life's denial of long term disability benefits for the twenty four month "own occupation" period. *See* Doc. No. 36, p. 38. Sun Life has not yet denied long term disability benefits to LaCosse for the "any occupation" period following the twenty four month period at issue in this suit. A remand on that issue is therefore inappropriate, and LaCosse's request for one will be denied.

*Conclusion*

An Order consistent with this Memorandum will be entered.

Dated:      11/8/2011           /s/ R. Allan Edgar
                                R. Allan Edgar
                                United States District Judge

6